GIÙSEPPINA P. GAUTIERI *vs.* BENNIE CIANCIARÙLO.

OCTOBER 28, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1) Execution Sale. Mortgages. Officers.*

Where at a sale under execution of personal property, subject to mortgage, the mortgagee bid in the right title and interest of the owner, but refused to pay the amount of the bid in cash, claiming that she was entitled to have the same credited upon the mortgage, the officer properly put up the property again and sold it upon the bid of another party.

ACTION OF THE CASE. Heard on exceptions of plaintiff and overruled.

VINCENT, J. This is an action of the case brought against the defendant, a constable, to recover damages for his alleged default in the proper performance of the duties of his office in making sale of certain personal property levied upon under an alias execution issued out of the District Court of the Sixth Judicial District, said property being subject to a prior mortgage.

It appears from the record and papers in the case that on the 19th day of August, 1908, certain parties named Angelo Ruffo, Marianno Vigneri and Antonino Vaccaro, who were copartners, carrying on a printing business under the name of the Federal Printing Company, made and executed a mortgage upon certain personal property, used by them in their business, to one Giustino De Benedictis; that on November 18th, 1908, the said De Benedictis duly transferred said mortgage to Giuseppina P. Gautieri, the plaintiff; that on the 30th day of July, 1909, the defendant in his capacity of a constable, levied an execution upon the right, title and interest of one J. G. C. Gautieri in said mortgaged property, said execution having been issued upon a judgment against said J. G. C. Gautieri, rendered in the District Court of the

Sixth Judicial District on May 10, 1909, at the suit of one Terrence McQuade.

J. G. C. Gautieri, at the time of the attachment, was the owner of the property, having bought it at a sale under a second mortgage, subject to the first mortgage of De Benedictis.

Following the levy of the execution the property levied upon was advertised for sale by the defendant and in accordance with said advertisement put up at public auction on October 11th, 1909. At the auction sale the plaintiff bid off all the right, title and interest which J. G. C. Gautieri had therein at the time of the attachment upon the original writ for the sum of $75. The plaintiff then refused to pay (1) to the defendant the amount of her bid, in cash, and claimed that she was entitled to have the same credited upon, and as part payment of, the mortgage which she held upon said property through the assignment from De Benedictis. The defendant rejected this proposition of the plaintiff and the property was again put up and sold to another party. Subsequently, the plaintiff brought this suit against the defendant, claiming damages, and upon a trial of the same in the Superior Court the jury awarded her the sum of $385. The case now comes before this court upon the defendant's bill of exceptions. The principal question raised by the bill of exceptions is, was the defendant acting properly and within his rights as an officer in demanding from the plaintiff a cash payment and in refusing to permit the amount to be credited on her mortgage as requested by her? We think that this question must be answered in the affirmative. Any other conclusion would in effect impose upon the officer the settlement of questions of fact concerning which he was uninformed or questions of law which he was unfitted to determine, involving the sufficiency or validity of the mortgage. In the case of *Gerardi v. Caruolo*, 27 R. I. 214, cited by the defendant, this court has said that "The duty of the officer is to sell for cash to the highest bidder who will pay. If he does not pay, it becomes the duty of the officer to sell again."

The defendant's 10th and 13th exceptions are sustained. The other exceptions of the defendant not being important in view of the conclusions already reached have not been considered.

The plaintiff may have the opportunity, if she shall see fit, to appear before this court on November 4, 1912, and show cause, if any she has, why this case should not be remitted to the Superior Court, with direction to enter judgment for the defendant.

*William M. P. Bowen,* for plaintiff.

*Anthony V. Pettine,* for defendant.